WESTERMAN BALL EDERER MILLER        Hearing Date:   October 13, 2016
ZUCKER & SHARFSTEIN, LLP              Time:   10:00 a.m.
1201 RXR Plaza                   Objections By: October 6, 2016
Uniondale, New York 11556
 (516) 622-9200
Thomas A. Draghi, Esq.
Mickee M. Hennessy, Esq.
*Counsel to Sarah Sternklar*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                Chapter 7 (Converted)

WALTER V. GERASIMOWICZ,        Case No.: 16-11804-JLG

                      Debtor.
---------------------------------------------------------X

## MOTION OF SECURED CREDITOR SARAH STERNKLAR
## FOR RELIEF FROM THE AUTOMATIC STAY
## PROVISIONS OF 11 U.S.C. §362 AND FOR RELATED RELIEF

Sarah Sternklar ("Sternklar"), a secured creditor of Walter Gerasimowicz, the referenced

Debtor ("Debtor"), by her undersigned attorneys, in support of her motion ("Motion") for an

Order granting Sternklar relief from the automatic stay pursuant to sections 362(d)(1) and (2) of

Title 11 of the United States Code (sections 101 *et seq.,* the "Bankruptcy Code"), to enforce a

state court judgment of foreclosure and to foreclose on certain residential real property located at

220 Riverside Boulevard, Unit 32A, New York, New York (the "Property"), states as follows:

### Preliminary Statement

1.      As set forth in the accompanying affidavit of Sternklar and the exhibits thereto

("Sternklar Aff."), the declaration of Thomas A. Draghi, Esq. and the exhibits thereto ("Draghi

Dec.") and Sternklar's Relief from Stay Worksheet (the "Worksheet"), On June 22, 2016 (the

"Petition Date"), the Debtor filed a voluntary petition under Chapter 13, of title 11 of the United

States Code (sections 101 *et seq.,* the "Bankruptcy Code").  On July 14, 2016, the Debtor's case

was converted to a case under Chapter 7 of the Bankruptcy Code.

2.      Sternklar, as assignee of Withers Bergman LLP, is the owner and holder of a foreclosure judgment entered on March 28, 2016 (the "Foreclosure Judgment"). The Foreclosure Judgment encumbers the Property. Statutory post-judgment interest continues to accrue at the statutory rate of 9% per annum.

3.      As of the Petition Date, the Debtor owes Sternklar the aggregate amount of not less than $2,192,829.72, plus interest thereon at the statutory rate from and after the Petition Date, to the extent Sternklar is oversecured. *See Sternklar Aff.*, ¶4 and Ex. 4.  As of the date of this Motion, Sternklar would be owed not less than $2,234,918.04. *Id,* ¶4.[1]

4.      According to the Debtors' Amended Petition and Schedules filed on July 20, 2016 (ECF Docket No. 12, the "Schedules"), the Debtor lists the value of the Property as $3,800,000.00 (*See* Schedules at Schedule A/B).  *Draghi Dec.,* ¶4 and Ex. 1.  The Debtor also discloses secured claims encumbering the Property as aggregating $4,385,553.63, as follows:

| Creditor | Amount | Date of Debt |
|---|---|---|
| JPM Chase | $300,000.00 | 12/20/2007 |
| Signature Bank | $650,000.00 | 5/3/2010 |
| First Central Sav. Bank | $750,000.00 | 5/23/2012 |
| **Withers Bergman[2]** | **$1,700,000.00** | **6/28/2012** |
| NYC Dept of Finance | $145,553.63 | 1/1/2013 |
| PS Trust | $400,000.00 | 8/13/2013 |
| Dimas Law Group | $120,000.00 | 10/11/2013 |
| Internal Rev. Svce | $250,000.00 | 12/13/2013 |
| Board of Managers | $70,000.00 | 6/24/2014 |

(*See* Schedules at Schedule D). *Id.*, Ex. 1.  According to the Debtor's Statement of Intention, the Debtor intends to surrender the Property.  (*See* Schedules at p. 43).  *Id.,* Ex. 1.[3]

1.      In addition to the foregoing, on information and belief, there are other judgments

---

[1]      Interest on the principal amount of $1,778,047.99 at 9% per annum accrues at the per diem rate of $438.42. For the period 6/22-9/26, post-petition interest aggregates $42,088.32 (*i.e.*, $438.42 x 96 days).

[2]      Sternklar is the assignee of this creditor.

[3]      On September 1, 2016, the Debtor filed a further amendment to his Schedules, however there was no change given to the value of the Property or the aggregate amount of secured liens encumbering the Property. *See* Draghi Dec. Ex. 2.

encumbering the Property as follows:

| Creditor | Amount | Date of Debt |
|---|---|---|
| Gerald Finkel | $701,838.03 | 3/28/2013 |
| U.S. Securities and<br>  Exchange Commission | $3,328,565.25 | 5/27/2014 |

*See* Draghi Dec., ¶5.

5.      As described herein, cause exists to grant relief from stay to Sternklar to complete foreclosure of the Property, satisfying grounds for relief from stay pursuant to sections 362(d)(1) and (2) of the Bankruptcy Code.  Indeed, the Debtor has no equity in the Property, nor is the Property necessary for a reorganization, as this case is now a Chapter 7 liquidation, satisfying grounds for relief from stay pursuant to section 362(d)(2) of the Bankruptcy Code.  This Debtor has enjoyed the cost free use and benefit of the Property for years. There is no meritorious basis to deny Sternklar relief from the automatic stay.  Accordingly, Sternklar respectfully requests that she be granted relief from stay to pursue her rights against the Property.

## BACKGROUND

6.      On March 28, 2011, the Debtor executed and delivered a promissory note in the original principal amount of $1,450,000.00 to Maroon Blue Holdings Limited (the "Note"), together with a Mortgage encumbering the Property in the original principal amount of $1,450,000.00 (the "Mortgage"), which Mortgage was recorded in the City Register of the City of New York on March 6, 2012, CRFN: 2012000086038. *See* Worksheet at Ex. A, Sternklar Aff. Ex. 2.

7.      On or about March 14, 2012, Maroon Blue Holdings Limited assigned the Note and Mortgage to Withers Bergman LLP.  The Assignment of the Mortgage from Maroon Blue

Holdings Limited to Withers Bergman LLP was recorded on April 9, 2012, CRFN: 2012000136355. *See* Worksheet at Ex. A, Sternklar Aff. Ex. 3.

8.      As a result of the Debtor's defaults on the Note and Mortgage, on June 29, 2012, Withers Bergman LLP commenced an action to foreclose on the Property in the New York Supreme Court, County of New York, in an action titled *Withers Bergman LLP v. Walter Gerasimowicz, et al.,* Index No. 810105/12 (Sup. Ct. NY, New York County) (the "State Court Action"). On March 28, 2016, the Honorable Joan M. Kenney entered the Foreclosure Judgment in favor of Withers Bergman LLP against the Debtor, in the State Court Action. *Sternklar Aff.* ¶2, Ex. 1.

9.      On June 16, 2016, Withers Bergman LLP assigned the Foreclosure Judgment, together with the Note and Mortgage, to Sternklar. Sternklar is now the assignee, owner and holder of the Foreclosure Judgment, Note and Mortgage. *Sternklar Aff.*¶3.

10.     On the Petition Date the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On July 14, 2016, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

11.     As noted above, the Debtor lists the value of the Property as $3,800,000.00. (*See* Schedules at Schedule A/B, *Draghi Dec.* Exs. 1, 2). The Debtor also discloses secured claims encumbering the Property as aggregating $4,385,553.63 *Id.* In addition, according to the Debtor's Statement of Intention, the Debtor intends to surrender the Property. *Draghi Dec.,* ¶3 and Ex. 1.

## JURISDICTION

12.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and § 157(b)(2).  This is a "core" proceeding. The statutory predicates for the relief requested are 11 U.S.C. §§105(a) and 362(d).

## RELIEF REQUESTED

13.     Sternklar seeks relief from the automatic stay provisions of section 362(a) of the Bankruptcy Code, to proceed with her rights and remedies in connection with the Foreclosure Judgment and to foreclose on the Property.

14.     Bankruptcy Code Section 362(d) provides, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A)  the debtor does not have equity in such property; and

(B)  such property is not necessary to an effective reorganization;

…

11 U.S.C. §§362(d)(1), (2).

15.     Courts in our district have held that section 362(d) is mandatory, not permissive; courts grant relief from the automatic stay where any of the reasons stated in 362(d) are met.  *In re Elmira Litho, Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (granting relief from stay); *In re Touloumis*, 170 B.R. 825, 827 (Bankr. S.D.N.Y. 1994) (same); *In re Kleinman*, 156 B.R. 131, 136 (Bankr. S.D.N.Y. 1993) (same).

16.     In determining whether "cause" exists for relief from stay, many courts in this Circuit look to the factors enumerated in *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990).  Factors include whether relief would result in a partial or complete resolution of issues; lack of interference with the bankruptcy case; interests of judicial economy; the impact of the stay on the parties; and the balance of harms.  *Sonnax*, 907 F.2d at 1287, *citing In re Curtis*, 40 B.R. 795 (Bankr, D. Utah 1984); *in re Kornhauser*, 184 B.R. 425, 428 (Bankr. S.D.N.Y. 1995).

17.     Here, the Debtor has not provided Sternklar with adequate protection and has stated his intention to surrender the Property. In addition, the Debtor lacks equity in the Property. As such, granting relief from the stay will substantially, if not completely, resolve the issues concerning the amount due to Sternklar.  Further, relief will not negatively impact administration of the Debtor's Chapter 7 case, as the interests of judicial economy and the balance of harms weigh in favor of Sternklar.   The foregoing constitutes cause for relief from the automatic stay pursuant to section 362(d)(1).

18.     Sternklar has also established entitlement to relief from the stay pursuant to section 362(d)(2).  As noted above, the Debtor's own schedules make clear that the Debtor has no equity in the Property and, as a Chapter 7 case, the Property is not necessary for an effective reorganization.

19.     In addition, under New York law, a foreclosed mortgage merges in the foreclosure judgment. *In re Galasso*, 249 B.R. 54 (S.D.N.Y. 2000) (affirming grant of stay relief to mortgagee), *citing In re Taddeo*, 9 B.R. 29, 306 (Bankr. E.D.N.Y. 1981), *aff'd,* 685 F.2d 24 (2d Cir. 1982).  As such, there is no basis upon which to challenge that the entire amount of the Foreclosure Judgment is due and payable in full to Sternklar.  Nor will a bankruptcy court permit a collateral attack on a foreclosure judgment rendered in a state court action.  *In re Castaldo*,

3131 Fed. App. 351 (2nd Cir. 2008) (holding that the Rooker Feldman Doctrine bars direct and

collateral attacks of final state court judgments).

**CONCLUSION**

20.    As set forth above and in the accompanying pleadings, Sternklar has amply

demonstrated cause for relief from the automatic stay in this case, pursuant to sections 362(d)(1)

and (2) of the Bankruptcy Code.  For all of the foregoing reasons, Sternklar respectfully requests

that this Court grant relief from the automatic stay to permit Sternklar to exercise all of her rights

and remedies in and to the Foreclosure Judgment, including foreclosing upon the Property, and

grant her such other relief as this Court deems necessary and proper.

Dated:  Uniondale, New York
         September 26, 2016

                              WESTERMAN BALL EDERER MILLER
                              ZUCKER & SHARFSTEIN, LLP


                              By: */s/ Thomas A. Draghi*
                                      Thomas A. Draghi, Esq.
                                      Mickee M. Hennessy, Esq.
                              1201 RXR Plaza
                              Uniondale, New York  11556
                              (516) 622-9200

                              *Counsel to Sarah Sternklar*

01428512.DOCX